UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REV KASEY F. HOFFMANN,<br><br>                                  Plaintiff,<br><br>    v.<br><br>RAIL CITY, et. al.,<br><br>                                  Defendants. | Case No. 3:16-cv-00304-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Before the court are Plaintiff's renewed application to proceed in forma pauperis (Electronic Case Filing (ECF) No. 9) and pro se complaint (ECF No. 1-1).

### I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &*

*Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff, who was being held at the Shasta County Jail, filed his initial application to proceed in forma pauperis on June 3, 2016. (ECF No. 1.) On August 4, 2016, the court denied the application without prejudice because the court could not tell from the accompanying jail documentation Plaintiff's average monthly deposits or average monthly balance so as to determine the amount of any initial partial filing fee. (ECF No. 3.) The court directed the court to send Plaintiff a District of Nevada application to proceed in forma pauperis, acknowledgment and financial certificate forms, and gave him thirty days to submit a completed application and the required documentation. (*Id*.) He was advised that if he failed to do so or pay the filing fee, the court would recommend dismissal of the action. (*Id*.)

Plaintiff did not timely file the renewed application and accompanying documentation; therefore, on September 7, 2016, the court entered a report and recommendation that the action be dismissed. (ECF No. 4.) The report and recommendation was returned as undeliverable. (ECF No. 5.) On September 22, 2016, District Judge Jones entered an order adopting and accepting the report and recommendation and dismissing the action, which was also returned as undeliverable. (ECF Nos. 6, 7.)

On December 7, 2016, some three months after he was to have filed his renewed application to proceed in forma pauperis, Plaintiff filed a renewed application to proceed in forma pauperis (ECF No. 9), along with a letter to the clerk stating that he was tardy in submitting the application because he lost his "property, address, etc." from being in administrative segregation, and noted his address change to the Deuel Vocational Institution in Tracy, California. (ECF No. 8.)

The court recommends that the application be denied as moot because Plaintiff failed to timely file a notice of change of address (Local Rules for Special Proceedings and Appeals (LSR) 2-2); failed to timely file his renewed application to proceed in forma pauperis; and in any event, Plaintiff's complaint fails to state any claim upon which relief may be granted.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under 28 U.S.C. § 1915A when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in

- 3 -

the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff alleges that he was visiting Rail City Casino as a paying patron on February 16, 2015 at 3:00 a.m., and went to the restaurant to eat. (ECF No. 1-1 at 3, 4.) He avers that waitresses and security guards were harassing him, asking him to pay before he finished his meal. (*Id*. at 3, 4, 6.) He claims that he was racially profiled and discriminated against based on his race, appearance and religion, and that his rights were likewise violated under the Equal Protection Clause and the Americans with Disabilities Act (ADA). (*Id*. at 4.)

He goes on to allege that he went to pay with a personal check, but a small sign said that the restaurant did not accept personal checks, so he said, "let me run to the car and grab some cash." (*Id*. at 3, 6.) At this point, he claims that a security guard "kidnapped" him and took him to a holding area and placed in handcuffs for simply trying to pay what he owed. (*Id*. at 3, 5.)

- 4 -

The security supervisor twisted his arm around his back, dislocating his shoulder. (*Id.* at 5, 6.) He avers that this amounted to false imprisonment and false arrest. (*Id.* at 3, 4, 5.)

At that point, they called the Reno Police, and he was cited for trespassing and told not to come on the property any longer. (*Id.* at 4.)

"To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989).

First, Plaintiff has not specifically identified any particular defendant purportedly responsible for violating his rights by name, other than naming Rail City. Second, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, but complains of action taken by waitresses and security guards at Rail City. His allegations by no means implicate the conduct of a person acting under color of state law. Plaintiff states no other cognizable claims for relief. Given the nature of the allegations against individuals working for a private casino, amendment would be futile. Therefore, dismissal with prejudice is appropriate.

### III. CONCLUSION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING AS MOOT** Plaintiff's renewed application to proceed in forma pauperis (ECF No. 9), and ruling that Plaintiff's action remain **DISMISSED**, but this time the dismissal should be **WITH PREJUDICE**.

///
///
///
///
///
///
///
///

Plaintiff is advised:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  December 8, 2016.

*William G. Cobb*
_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE